IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hershel R. Beebe, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 6:12-cv-03266-GRA |
| ) | |
| Metropolitan Life Insurance Company, ) | |
| Defendant ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
PETITION FOR ATTORNEYS FEES**

Now comes Metropolitan Life Insurance Company ("MetLife"), defendant in the above-styled action, and files this memorandum in opposition to Plaintiff's Petition for Attorneys' Fees.

**I. Introduction.**

Plaintiff brought this action seeking to recover additional long-term disability benefits under his former employer's employee welfare benefit plan. Although the Court disagreed with MetLife's methodology in reaching the determination that plaintiff was not entitled to additional benefits, even a successful party such as Beebe does not enjoy a presumption in favor of an attorneys' fees award. *See Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010) (citing *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1029 (4th Cir.1993)).

For the reasons discussed herein, an award of attorneys' fees would be inappropriate.

**II. Argument and Citation of Authority.**

**A. Plaintiff has achieved some degree of success on the merits, but has not proved entitlement to an attorney fee award.**

In *Hardt v. Reliance Standard Life Ins. Co.,* 130 S.Ct. 2149, 2155-56 (2010), the Supreme Court held that a judge's discretion to award attorneys' fees in ERISA cases is not

unlimited, and that "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Id.* at 2158. The Court further explained that "[a] claimant does not satisfy that requirement by achieving 'trivial success on the merits' or a 'purely procedural victor[y],' but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was "substantial" or occurred on a "central issue."'" *Id.* MetLife concedes that in obtaining a reversal of MetLife's claim decision, plaintiff has achieved some success on the merits and is *eligible* for an award of fees under the *Hardt* standard.

However, the plaintiff has not proved entitlement to an award of fees.

**B. The *Quesinberry* factors.**

Since *Hardt*, the Fourth Circuit has reaffirmed the utility of the five-factor test in determining the propriety of fees. *See, e.g., Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010). The five factors derive from *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1029 (4th Cir.1993). Thus, a district court should consider the following:

> (1) degree of opposing parties' culpability or bad faith;
> (2) ability of opposing parties to satisfy an award of attorneys' fees;
> (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

987 F.2d at 1029. However, the Fourth Circuit Court of Appeals has cautioned that this five-factor approach is not a "rigid test," but instead provides "general guidelines." *Id.; see also Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010).

As discussed below, MetLife contends that factors one through four weigh against an award of attorneys' fees in this matter.

**1. <u>MetLife's claim decision was neither culpable nor in bad faith.</u>**

With respect to the first *Quesinberry* factor, the degree of MetLife's culpability or bad faith, the conduct must be more than merely unreasonable or an abuse of discretion to be considered "culpable." *Bd. of Trustees for Hampton Roads Shipping Ass'n-Int'l Longshoremen's Ass'n v. Ransone-Gunnell*, 781 F. Supp. 2d 286, 292 (E.D. Va. 2011); *Carolina Care Plan, Inc. v. McKenzie,* 467 F.3d 383, 390 (4th Cir.2006), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). " 'Culpability' ... require[s] more than 'mere negligence or error.' " *Id.* (quoting *Wheeler v. Dynamic Eng'g, Inc.,* 62 F.3d 634, 641 (4th Cir.1995)). "[C]ulpable conduct is commonly understood to mean conduct that is 'blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault....' " *McPherson v. Emps.' Pension Plan of Am. Re–Ins. Co.,* 33 F.3d 253, 256–56 (3d Cir.1994) (quoting *Black's Law Dictionary* (6th ed.1990)) (omissions in original).

MetLife submits that although its claim decision has been overturned, it was nonetheless the result of a well-investigated and careful evaluation of plaintiff's claim for benefits and does not remotely reflect any "culpability or bad faith" on the part of MetLife. The record reflects that MetLife considered medical records of plaintiff's physicians, Dr. Erlich Tan and Dr. Geoffrey Wrinkle, the notes from the in-home interview with MetLife Field Claim Representative, Jim Henninger, the reviews completed by MetLife's medical consultant, Karina Kubik MD, a board-certified Internist, the conference call between Dr. Kubik and plaintiff's treating provider, Dr. Tan, the letter from Dr. Al Hudson confirming that when used as an anti-depressant, Trazodone is not permitted by the FAA, a guide for medical examiners published by the FAA, an Advisory Circular summarizing the FAA's international symposium on fatigue, plaintiff's prescription records, the reviews completed by Dr. Tim Seehausen, the independent medical consultant, and

the letter from pharmacist Robin Cooper.

Thus, this factor does not weigh in favor of a fee award.

### 2. Ability to satisfy an award of fees.

It is not disputed that MetLife has the ability to pay an award of fees. However, some courts consider this factor more for exclusionary than for inclusionary purposes, because almost every insurer can satisfy an award of fees. *See e.g. Warner v. DSM Pharma Chems. N. Am., Inc*., 452 F. App'x 677, 681-82 (6th Cir. 2011) (citing *Gribble v. CIGNA Healthplan of Tenn., Inc*., 36 F.3d 1097, 1994 WL 514529 at *4 (6th Cir. 1994) (unpublished table decision)). Thus, this factor does not weigh in favor of a fee award.

### 3. An award of attorneys' fees would not deter other persons acting under similar circumstances.

Here, an award of attorneys' fees would not serve as a deterrent, because MetLife's decision was fact-specific and turned on the interpretation of evidence unique to plaintiff's individual claim. *See, e.g., Rinaldi v. CCX, Inc.,* 388 Fed. Appx. 290, 297-98 (4th Cir. 2010) ("because the plan was unique to Rinaldi, the deterrent value that an award of attorneys' fees would have . . . was less significant"). *See also Phillips v. Brink's Co.,* No. 2:08CV00031, 2009 WL 3681835, at *3 (W.D.Va.2009) (third factor carries more weight where opposing party is found in breach of fiduciary duty).

Thus, this factor does not weigh in favor of a fee award.

### 4. Whether the plaintiff sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself.

In his petition for attorneys' fees, plaintiff asserts neither that he sought to benefit all participants and beneficiaries of the Plan or to resolve a significant legal question. Rather, this is merely an ERISA benefits denial case in which plaintiff sought to protect his individual interest,

rather than those of the plan, another factor which cuts against an award of fees. *See Yarde v. Pan Am. Life Ins. Co.,* 1995 U.S. App. LEXIS 25883, *38 (4th Cir. 1995) ("Yarde's claim was not designed to benefit anyone other than himself."). S*ee also* Plaintiff's Complaint, ¶17 ("Plaintiff seeks LTD benefits due Plaintiff under the terms of the LTD plan, to enforce Plaintiff's rights under the terms of the plan, and to clarify Plaintiff s rights to future benefits under the terms of the plan, pursuant to 29 U.S.C. §1132(a)(1)(B).").

Indeed, as one district court explained in language equally applicable to the present case, "any benefit conferred on future claimants was merely 'incidental' to [plaintiff's] case" and "[w]hile true that the Court's findings in its decision to remand for further determination might be useful to other plaintiffs in future cases, there is no indication that the [plaintiff] in this case *sought* to bring [her] case for this purpose." *Thies v. Life Ins. Co. of N. Am.*, 839 F. Supp. 2d 886, 893 (W.D. Ky. 2012) ("Any points of law arising from this case that are beneficial to others are merely incidental to the Plaintiffs' ultimate goal of obtaining the benefits of the policy for themselves"). Thus, this factor weighs against an award of attorneys' fees. *Id.*

### III. Conclusion.

Based on the foregoing reasons and authorities, defendant Metropolitan Life Insurance Company prays that plaintiff's motion for attorneys' fees be denied in its entirety.

    Respectfully submitted,

    Peter A. Rutledge (Federal ID: 7185)
    SMITH MOORE LEATHERWOOD LLP
    300 East McBee Ave., Suite 500 (29601)

Post Office Box 87
Greenville, South Carolina 29602
Telephone:     864-240-2410
Facsimile:     864-240-2498
peter.rutledge@smithmoorelaw.com

*Counsel for Defendant Metropolitan Life Insurance Company*

May 20, 2013