UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Hershel R. Beebe, | ) | |
| | ) | C/A No.: 6:12-cv-03266-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Metropolitan Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Plaintiff Hershel R. Beebe's ("Plaintiff") petition for reasonable attorney's fees and costs from Defendant Metropolitan Life Insurance Company ("Defendant") pursuant to 29 U.S.C. § 1132(g)(1). Plaintiff seeks fees in the amount of $15,222.55, which represents 50.74 hours of attorney's work at the hourly rate of $300.00. Plaintiff also requests taxable costs in the amount of $1,015.00. Defendant filed a response in opposition to an award of reasonable attorney's fees and costs to Plaintiff on May 20, 2013. ECF No. 28. For the reasons discussed herein, Plaintiff's petition for attorney's fees and costs is held in abeyance pending the outcome of the appeal in this case.

## Background

Plaintiff filed this action pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking to recover long-term disability ("LTD") benefits allegedly payable to him as a participant in an employee welfare benefit plan administered by Defendant. Plaintiff, a former Pilot/First Officer for ASTAR USA, LLC ("ASTAR"), sought an additional sixteen (16) months of LTD benefits from Defendant. Defendant initially denied these additional benefits to

Plaintiff and upheld this denial on administrative appeal.  On April 30, 2013, this Court reversed Defendant's decision and awarded Plaintiff sixteen (16) months of additional benefits.  ECF No. 23.  Defendant has since filed a Notice of Appeal, and this case is currently pending before the United States Court of Appeals for the Fourth Circuit. ECF No. 30.

## Discussion

This Court possesses the authority to hold a motion in abeyance if resolution of a pending matter will help clarify the current issues or make currently disputed issues moot.  *See, e.g., Rhines v. Weber*, 544 U.S. 269 (2005); *United States v. Franczak*, 8 F. App'x 246 (4th Cir. 2001).  This power is inherent to the authority possessed by every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and the Court may stay, *sua sponte* any action before it.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  However, this determination requires the Court to undergo a two-step analysis.  First, the Court must determine whether the party has achieved "some degree of success on the merits."  *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. ___, ___, 130 S. Ct. 2149, 2158 (2010)).  After making this finding, the Court must apply the five factors outlined in *Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017 (4th Cir. 1993). *Id.* at 635.  These five factors are:

(1) degree of opposing parties' culpability or bad faith;

(2) ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

*Quesinberry*, 987 F.2d at 1029.

Because judgment is not yet final in this case, and an award of attorney's fees and costs under ERISA requires a consideration of the merits of each party's position, the Court has determined that it is necessary to withhold judgment on Plaintiff's petition for reasonable attorney's fees and costs at this time. The Court's analysis on this issue will certainly be informed by the Fourth Circuit's decision on the merits of this case.

**IT IS THEREFORE ORDERED** that Plaintiff's petition for reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) is held in ABEYANCE pending the completion of the appellate process and the issuance of a final judgment in this case. When the appellate process is complete, it shall be incumbent upon the parties to again raise this issue.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  5 , 2013
Anderson, South Carolina